UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| CHRISTIAN COUNTY CLERK, by and through its County Clerk, MICHAEL KEM; WASHINGTON COUNTY CLERK, by and through its County Clerk, GLENN BLACK; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; BANK OF AMERICA, N.A.; CCO MORTGAGE CORPORATION; CHASE HOME MORTGAGE CORPORATION; CITIMORTGAGE, INC.; CORINTHIAN MORTGAGE CORPORATION; EVERHOME MORTGAGE COMPANY; GMAC RESIDENTIAL FUNDING CORPORATION; GUARANTY BANK; HSBC FINANCE CORPORATION; MERRILL LYNCH CREDIT CORPORATION; NATIONWIDE ADVANTAGE MORTGAGE COMPANY; SUNTRUST MORTGAGE, INC.; JPMORGAN CHASE & CO.; WELLS FARGO BANK, N.A.; and WMC MORTGAGE CORPORATION,<br><br>Defendants. | Case No.: 5:11CV-72-R<br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, for this cause of action against Defendants, and state as follows:

**PARTIES**

1.      Plaintiff, Christian County Clerk, by and through its County Clerk, Michael Kem, is located in the City of Hopkinsville, County of Christian, Commonwealth of Kentucky, and is making claims in its individual capacity and as a representative of a class of similarly situated county clerks in the Commonwealth of Kentucky.

2.      Plaintiff, Washington County Clerk, by and through its County Clerk, Glenn Black, is located in the City of Springfield, County of Washington, Commonwealth of Kentucky, and is making claims in its individual capacity and as a representative of a class of similarly situated county clerks in the Commonwealth of Kentucky.

3.      Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), is a foreign corporate entity created in or about 1988, set up under the laws of Delaware, and is a national organization that conducts business in the Commonwealth of Kentucky.  Defendant has its principal place of business located at 1818 Library Street, Reston, Virginia 20191.  The designated registered agent is CT CORPORATION SYSTEM, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.  Defendant, Merscorp, Inc., claims to be the sole shareholder in an entity by the name of Mortgage Electronic Registration Systems, Inc. ("MERS"), and has its principal place of business located at 1595 Spring Hill Road, Suite 310, Vienna, Virginia.

4.      Defendant, Bank of America, N.A., is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the

laws of Delaware, with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255.

5.      Defendant, CCO Mortgage Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Ohio, with its principal place of business located at 10561 Telegraph Road, Glen Allen, Virginia 23059.  The designated registered agent is CSC-LAWYERS INCORPORATING SERVICE COMPANY, which is located at 421 W. Main Street, Frankfort, Kentucky 40601.

6.      Defendant, Chase Home Mortgage Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Delaware, with its principal place of business at 4915 Independence Parkway, Tampa, Florida 33634.

7.      Defendant, CitiMortgage, Inc., is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of New York, with its principal place of business located at 1000 Technology Drive, MS 140, O'Fallon, Missouri 63304.  The designated registered agent is CT CORPORATION SYSTEM, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

8. Defendant, Corinthian Mortgage Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS." As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court. Defendant is a foreign corporation that is set up under the laws of Mississippi, with its principal place of business at 5700 Broadmoor, Suite 500, Mission, Kansas 66202.

9. Defendant, EverHome Mortgage Company, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS." As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court. Defendant is a foreign corporation that is set up under the laws of Florida, with its principal place of business located at 8100 Nations Way, Jacksonville, Florida 32256. The designated registered agent is CT CORPORATION SYSTEM, which is located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

10. Defendant, GMAC Residential Funding Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS." As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court. Defendant is a foreign corporation that is set up under the laws of Delaware, with its principal place of business located at 8400 Normandale Lake Blvd., Minneapolis, Minnesota 55437. The designated registered agent is CSC-LAWYERS INCORPORATING SERVICE COMPANY, 421 W. Main St., Frankfort, KY 40601.

11. Defendant, Guaranty Bank, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS." As a national organization, it conducts business

in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation set up under the laws of Delaware, with its principal place of business at 4000 West Brown Deer Rd, Brown Deer, Wisconsin 53209.

12. Defendant, HSBC Finance Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Delaware, with its principal place of business at 26525 N. Riverwoods Blvd., Mettawa, Illinois 60045.  The designated registered agent is CT CORPORATION SYSTEM, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

13. Defendant, Merrill Lynch Credit Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Delaware, with its principal place of business at 4804 Deer Lake Drive East, Jacksonville, Florida 32246.  The designated registered agent is CT CORPORATION SYSTEM, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

14. Defendant, Nationwide Advantage Mortgage Company, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Iowa, with its principal place of business located at

1100 Locust Street, Dept. 2009, Des Moines, Iowa 50391.  The designated registered agent is CT CORPORATION SYSTEM, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

15. Defendant, SunTrust Mortgage, Inc., is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Virginia, with its principal place of business located at 901 Semmes Avenue, Richmond, Virginia 23224.  The designated registered agent is CSC-LAWYERS INCORPORATING SERVICE COMPANY, which is located at 421 W. Main Street, Frankfort, Kentucky 40601.

16. Defendant, JPMorgan Chase & Co., is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of Delaware, with its principal place of business located at 270 Park Avenue, New York, New York 10017.  The designated registered agent is CT CORPORATION SYSTEM, which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

17. Defendant, Wells Fargo Bank, N.A., is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign national bank that is set up under the laws of United States, with its principal place of business at 464 California Street, San Francisco,

California 94104.  The designated registered agent is CSC-LAWYERS INCORPORATING SERVICE COMPANY, which is located at 421 W. Main Street, Frankfort, Kentucky 40601.

18.  Defendant, WMC Mortgage Corporation, is a foreign corporate entity which, according to www.mersinc.org, is a shareholder in "MERS."  As a national organization, it conducts business in the Commonwealth of Kentucky, and it is therefore appropriate that it be required to defend this suit in this Court.  Defendant is a foreign corporation that is set up under the laws of California, with its principal place of business at 3100 Thornton Avenue, Burbank, California 91504.

## JURISDICTION AND VENUE

19.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and it is a class action brought by a citizen of a State that is different from the State where Defendant is incorporated or does business, and pursuant to 28 U.S.C. § 1331 because it brings claims that arise under the laws of the United States.

20.  This Court's venue over this action is proper under 28 U.S.C. § 1391(a)(2) because events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS

21.  The law of the Commonwealth of Kentucky requires that all assignments of a mortgage must be filed with the County Clerk's Office.  KRS § 382.360(3).  Each county is entitled to and does charge a fee for these assignments so that these assignments are properly recorded.  By example, the recording fee for assignments in Christian County is approximately Thirteen Dollars ($13.00).

22.     During the 1990s, lenders began securitizing mortgage loans. This process resulted (or would have resulted) in additional recording fees in that a loan could be sold and assigned numerous times. Several large participants in the mortgage industry, including the Defendants, established MERS in order to avoid the requisite payment of recording fees to County Clerks for assignments of mortgage loans.

23.     MERS advertises that by using its "system," participants eliminate the frequent need to record assignments of transfers.

24.     Prior to the MERS system, every time a loan secured by a mortgage was sold, the assignee would need to record the assignment to protect the security interest.

25.     The recording of the assignment would be charged a recording fee by the Commonwealth of Kentucky counties that generated revenue for the County.

26.     MERS's members (or, "members") subscribe to the MERS system and pay annual fees for the electronic processing and tracking of ownership and transfers of mortgages. Members contractually agree to name MERS as the "nominee" and mortgagee on all mortgages that they register in the MERS system. According to MERS, the benefit of naming MERS as the nominal mortgagee of record is that when a member transfers an interest in a mortgage loan to another MERS member, MERS privately tracks the assignment within its system but remains the mortgagee of record. As long as the sale of the note is made to another MERS member, MERS remains the mortgagee of record. Under its system, the lenders are able to sell the loan to investors without recording the transaction in the County Clerk's or in the public record because MERS improperly remains the mortgagee of record in the County Clerk's office. This conduct does not comport with the law, specifically that where a note is secured by lien,

the assignment passes the lien by which it is secured. MERS's position that it remains the "mortgagee" is not accurate in that every time a mortgage is assigned, the assignment must be filed with the County Clerk so that the owner of the note and mortgage are reflected.

27. According to MERS's own website, its system saves money for its members and is specifically designed to avoid paying the fees to Plaintiffs and the Class they seek to represent. Specifically, MERS has stated:

> MERS acts as nominee in the county land records for the lender and servicer. Any loans registered on the MERS System is inoculated against future assignments because MERS remains the nominal mortgagee no matter how many times servicing is traded.
>
> * * *
>
> Assignments eliminated forever ($30 saved per loan).
>
> * * *
>
> Lenders may also assign into MERS if the loan has already been closed in the lenders name. Once the loan is assigned to MERS. . . tracking servicing and beneficial rights can occur electronically for all future transfers. The need for any additional assignments after this point will be eliminated unless the servicing rights are sold to a non-MERS member.
>
> * * *
>
> Chain of title starts and stops with MERS! With MERS as the Mortgagee of Record, you don't need additional assignments ever. The unrecorded assignments needed for interim funding and loan sales are costly. With MERS you save an estimated $30 per loan on unrecorded assignments.
> * * *
>
> MERS saves time associated with processing multiple assignments.

28. In fact, MERS President, R.K. Arnold, testified in 2009 that assuming each mortgage has been resold and recorded just once, it would have saved the industry **$2.4 billion** in recording expenses.

29. The Defendants' actions were and are a conspiracy to avoid having to pay expenses associated with recordation of assignments in violation of KRS § 382.360 and in violation of KRS § 382.365 and, as such, are actionable under KRS § 446.070.

30. As a proximate result of the Defendants' actions, Plaintiffs, in addition to the Class Plaintiffs they seek to represent, have suffered damages.

## INDIVIDUAL AND CLASS ALLEGATIONS

31. The allegations of paragraphs 1-30 above are realleged and incorporated herein by reference.

32. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

33. The class consists of all counties by and through their County Clerks located in the Commonwealth of Kentucky who meet the following requirements:

   a. All counties where the Defendants have failed to record assignment and pay applicable fees for said recordings of mortgages pursuant to KRS § 382.360.

34. There are 120 counties in the Commonwealth of Kentucky and, thus, the members of the class are so numerous that joinder of all members is impracticable.

35. There are questions of law and fact, which are common to all members of the class, which questions predominate over any question affecting only individual class members.

36. The principal common issues are whether Defendants violated KRS § 382.360; whether Defendants conspired to violate KRS § 382.360 by their use of Defendant MERS; and whether Defendants were unjustly enriched by their conduct.

37. Two additional common issues are (a) whether the Plaintiffs and the class of individuals that Plaintiffs seek to represent are entitled to an order declaring that these practices, as described above, are in violation of KRS § 382.360; and (b) the appropriate amount of damages and other relief to be granted to Plaintiffs and the class of Individuals that Plaintiffs seek to represent.

38. The only individual questions concern the computation of the relief to be afforded each class member and can be determined by a ministerial examination of the relevant files.

39. Plaintiffs' claims are typical of the claims of the potential class members. All are based on the same legal and remedial theories.

40. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. Plaintiffs are similarly situated with the members of the class that Plaintiffs seek to represent. Plaintiffs have retained counsel experienced in handling class action suits involving unfair business practices and consumer credit law. Neither the named Plaintiffs nor Plaintiffs' counsel have any interest which might cause them not to vigorously pursue this action.

41. Certification under CR 23.02(b) is appropriate. Defendants have acted in a uniform manner toward the Plaintiffs, and the class of counties that Plaintiffs

seek to represent, by violating KRS § 382.360.  Final injunctive relief and/or declaratory relief are appropriate to remedy such action.

42. Certification under CR 23.02(c) is also appropriate.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. Concentration of the litigation concerning this matter in this Court is desirable.

   b. The claims of the representative plaintiffs are typical of the claims of the class members.

   c. A failure of justice will result from the absence of a class action.

   d. The class is of moderate size and the difficulties likely to be encountered in the management of a class action are not great.

### FIRST CLAIM – NEGLIGENT AND/OR WILLFUL VIOLATION OF KRS § 382.360

43. The allegations of paragraphs 1-42 above are realleged and incorporated herein by reference.

44. The conduct of the Defendants in this case has substantially frustrated the statute and has caused Plaintiffs and the Class they seek to represent a loss of substantial fees that would have been collected had the statute not been violated.

45. As a proximate result of the Defendants' negligent, willful, and wanton violations of KRS § 382.360, Plaintiffs and the Class they seek to represent have been damaged.

### SECOND CLAIM – UNJUST ENRICHMENT

46. The allegations of paragraphs 1-45 above are realleged and incorporated herein by reference.

47. Defendants' actions were performed with the specific purpose of avoidance of having to record assignments of mortgages and to avoid expenses associated with the same.

48. As a proximate result, Plaintiffs assert that Defendants have been unjustly enriched by this willful violation of the Commonwealth of Kentucky statutes.

49. As a proximate result of the unjust enrichment, Plaintiffs and the Class they seek to represent have been injured.  Defendants' conduct conferred a benefit upon themselves at the expense of Plaintiffs and the Class they seek to represent.  Defendants were fully aware of this benefit to themselves at the expense of Plaintiffs and the Plaintiffs' Class.  Finally, Defendants have retained the benefit (namely, the fees saved by circumventing the recordation of assignments of mortgages when transferred) without compensating Plaintiffs and the Plaintiffs' Class.

**THIRD CLAIM – CIVIL CONSPIRACY TO VIOLATE KRS § 382.360**

50. The allegations of paragraphs 1-49 above are realleged and incorporated herein by reference.

51. Defendants in this action have conspired together to thwart the provisions of KRS § 382.360.

52. Defendants' actions were done with the specific purpose to not have to record assignments of mortgages and payment of associated expenses.

53. As a proximate result, Plaintiffs and the Class that Plaintiffs seek to represent have been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court certify a class of counties whom Defendants have conspired against to violate KRS § 382.360; who have suffered damages due to Defendants' negligent, willful, and wanton violations of the statute, and who have

suffered damages due to Defendants' conduct; enter judgment against Defendants, and award class-wide relief to all members of the Plaintiffs' Class, as follows:

    a.    Find for the Plaintiffs and the Plaintiffs' Class and award compensatory and punitive damages for the Defendants' illegal conduct;

    b.    Enter an injunction ordering Defendants, Defendants' agents and employees, and all other persons in active concert and participation with Defendants to immediately cease the practice of non recording of assignments of mortgages;

    c.    Award actual damages and relief to Plaintiffs and the class of individuals that Plaintiffs seeks to represent as a whole;

    d.    Award exemplary or punitive damages to Plaintiffs and to the class of individuals that Plaintiffs seek to represent as a whole for damages they suffered due to Defendants' willful and intentional violation(s) of the Commonwealth of Kentucky statutes and for the Defendants' unjust enrichment;

    e.    Award costs and reasonable attorneys' fees to Plaintiffs and the class of individuals that Plaintiffs seek to represent as a whole;

    f.    Award interest on the amounts improperly withheld by the Defendants; and

    g.    Order such other and further relief as may be just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial as to all issues triable by a jury.

Dated: April 25, 2011

    Respectfully submitted,

    */s/     Mark K. Gray*
    Mark K. Gray
    Matthew L. White
    Doris A. Kim
    FRANKLIN GRAY & WHITE
    505 W. Ormsby Avenue
    Louisville, Kentucky  40203

Telephone (502) 637-6000
Facsimile (502) 637-6000
mgray@franklingrayandwhite.com
mwhite@franklingrayandwhite.com
dkim@franklingrayandwhite.com

J.D. Kermode
John M. Simms
ATKINSON, SIMMS & KERMODE, PLLC
1608 Harrodsburg Road
Lexington, Kentucky  40504
Telephone (859) 225-1745
Facsimile (859) 254-2012
jdk@ask-law.com
jms@ask-law.com

*Of Counsel, Pending Pro Hac Vice Admission*

Craig L. Lowell
D.G. Pantazis, Jr.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone (205) 314-0500
Facsimile (205) 254-1500
clowell@wcqp.com
dpantazisjr@wcqp.com

Brent L. Crumpton
BRENT L. CRUMPTON, PC
Post Office Box 55955
Birmingham, Alabama  35255-5955
Telephone (205) 250-0010
Facsimile (205) 250-0015
blc@crumptonlaw.com

**Counsel for Plaintiffs**