UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:11CV-00072-M

CHRISTIAN COUNTY CLERK, by and through
its County Clerk, MICHAEL KEM; et. al.

PLAINTIFFS

VS.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; et al.                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by the Defendants, Mortgage Electronic

Registration Systems, Inc., MERSCORP, Inc., Bank of America, N.A., CCO Mortgage Corporation,

CitiMortgage, Inc., Corinthian Mortgage Corporation, EverHome Mortgage Corporation, GMAC

Residential Funding Corporation, HSBC Finance Corporation, Merrill Lynch Credit Corporation,

Nationwide Advantage Mortgage Company, Suntrust Mortgage, Inc., JP Morgan Chase & Co., and

Wells Fargo Bank, N.A. (hereinafter "Defendants"), to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [DN 46, DN 52, DN 86]  Fully briefed, this matter is

ripe for decision.

## I.  BACKGROUND

Under Kentucky law, when a mortgage is assigned to another person, the assignee is required

to record that assignment with the County Clerk's Office.  KRS § 382.360.  Each county charges

a fee for filing the assignment.  KRS § 64.012.  Plaintiffs, Michael Kem and Glenn Black, the

County Clerks for Christian County and Washington County, Kentucky, respectively, filed this suit

alleging that Mortgage Electronic Registration System ("MERS"), its parent company,

MERSCORP, Inc., and fifteen financial institutions conspired to create the Mortgage Electronic

Registration Systems, Inc., loan registry system to avoid recording assignments of promissory notes and paying any associated fees.  Specifically, Plaintiffs assert three claims: (1) negligent and/or willful violation of KRS § 382.360; (2) unjust enrichment by willful violation of Kentucky statutes; and (3) civil conspiracy to violate KRS § 382.360.  The action was filed as a putative class action on behalf of all Kentucky County Clerks.  The Plaintiffs seek actual damages to recover the unpaid fees, punitive and exemplary damages, an injunction ordering Defendants to cease the practice of non-recording of assignments of mortgages, attorney's fees, costs of suit, and interest.

Under the MERS system, "[w]hen a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns)."  In re: Mortgage Electronic Registration Systems (MERS) Litigation, 659 F. Supp. 2d 1368, 1370 n.6 (U.S. Jud. Pan. Mult. Lit. 2009).  In the mortgage, "the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee."  Id.  "When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer."  Id.  As long as the parties involved in the sale of promissory note are MERS members, "MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note."  Id.  Thus, the central claim of Plaintiffs' case is that the lender defendants took assignments of mortgages in Washington and Christian County, but failed to record those assignments of mortgages with the Washington and Christian County Clerk's Offices as required by the recording statute KRS § 382.360(3).

Defendants now move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R.

Civ. P. 12(b)(6) arguing that (1) the Plaintiffs lack standing; (2) the statutes in question do not provide a private right of action for county clerks; (3) the Plaintiffs lack authority to file a damages lawsuit; (4) Kentucky law imposes no duty to create assignments; (5) Plaintiffs are not entitled to receive any of the relief they seek; and (6) the conspiracy count fails to allege an underlying tort. Furthermore, Defendant Nationwide Advantage Mortgage Company argues that Plaintiffs lack standing to sue with respect to Nationwide because there are no relevant assignments of mortgages to Nationwide in Washington or Christian County from 2006 to the present.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

3

## III.  DISCUSSION

### A.  Standing

Defendants argue that Plaintiffs lack Article III standing to bring this lawsuit and seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1).   Plaintiffs have alleged an injury to its financial interest caused by the actions or omissions of Defendants and seek redress in this Court.   At this stage of the litigation, these allegations are sufficient to establish Article III standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Warth v. Seldin, 422 U.S. 490, 501 (1975); Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007).

### B.  Private Right of Action

Plaintiffs assert a private right of action against Defendants in this case under three statutes: KRS § 382.360, KRS § 382.365, and KRS § 446.070.  Defendants maintain, and the Court agrees, that Michael Kem and Glenn Black, the County Clerks for Christian and Washington counties, do not have statutory standing to assert a claim against the Defendants under KRS § 382.360 and KRS § 382.365.  KRS § 382.360 provides that "[w]hen a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment . . . ."  There is nothing in the plain language of the statute that indicates that the statute was designed to be enforced by the county clerk.  KRS § 382.365 specifically references KRS § 382.360 and provides in relevant part:

> (1) A holder of a lien on real property, including a lien provided for in KRS 376.010, shall release the lien in the county clerk's office where the lien is recorded within thirty (30) days from the date of satisfaction.

> (2) An assignee of a lien on real property shall record the assignment in the county clerk's office as required by KRS 382.360. Failure of an assignee to record a mortgage assignment shall not affect the validity or perfection, or invalidity or lack of perfection, of a mortgage lien under applicable law.

4

KRS § 382.365(1), (2).   KRS § 382.365 authorizes a private right of action by "any owner of real property or any party acquiring an interest in the real property in District Court or Circuit Court against a lienholder that violates subsection (1) or (2) of this section."  KRS § 382.365(3).  Thus, KRS § 382.365 specifically instructs an assignee of a lien on real property to record the assignment in the county clerk's office as required by KRS § 382.360.  The statute then reserves the cause of action for failure of an assignee to do so to a real property owner or a party acquiring an interest in the real property.   KRS § 382.365(3); KRS § 382.365(11).   Further, the statute provides that "[d]amages under this subsection for failure to record an assignment pursuant to KRS 382.360(3) shall not exceed three (3) times the actual damages, plus attorney's fees and court costs, but in no event less than five hundred dollars ($500)."  KRS § 382.365(5).  Thus, the legislature conferred standing upon real property owners or parties acquiring an interest in real property, not upon county clerks, with respect to enforcing the mortgage assignment recording obligations of KRS § 382.360 and KRS § 382.365.  The Plaintiffs do not allege that they own or have acquired an interest in real property.  Since Plaintiffs are not owners of real property or parties with an interest in real property, Plaintiffs do not possess a private right of action against the Defendants pursuant to KRS § 382.360 and KRS § 382.365.

Plaintiffs instead argue that KRS § 446.070 provides county clerks a remedy.  KRS § 446.070 provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."  The Court rejects this argument.  In order to establish a cause of action under  KRS § 446.070, a plaintiff "'must be a member of the class of persons intended to be protected by the regulation, and the injury suffered must be an event which the [statute or] regulation

was designed to prevent.'" Griffith v. Kuester, 780 F. Supp.2d 536 (E.D. Ky. 2011)(quoting Carman v. Dunaway Timber Co., 949 S.W.2d 569, 570 (Ky. 1997)).  Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc., 836 S.W.2d 907, 910 (Ky. App. 1992)(KRS § 446.070 creates a cause of action "only for those persons who belong to the class intended to be protected by the statute" allegedly violated); Hackney v. Fordson Coal Co., 19 S.W.2d 989, 990 (Ky. 1929); Gooch v. E.I. Dupont De Nemours & Company, 40 F. Supp. 2d 857, 862 (W.D. Ky. 1998).

First, the county clerks are not members of the class of persons the General Assembly intended to protect by the recording statutes cited by Plaintiffs.  Here, the class of persons intended to be protected by Kentucky's land recording system consists of existing lienholders seeking to give notice of their secured status; prospective purchasers and creditors seeking information about prior liens; and owners of property seeking release of liens once debts are paid off.  See Wells Fargo Financial Kentucky, Inc. v. Thomer, 315 S.W.3d 335, 338-39 (Ky. Ct. App. 2010)(lenders); Opinion of the Attorney General, No. 09-002(March 20, 2009)(future purchasers and creditors); Trio Realty Co., Inc. v. Queenan, 360 S.W.2d 747, 748-749 (Ky. 1962)(prospective purchasers and encumbrancers); Hall v. Mortgage Electronic Recording Systems, Inc., 2010 WL 2867838, *6 (Ky. Ct. App. July 23, 2010)(motion for disc. review granted)(property owners); Bank of America v. Boone Nat. Bank, 2006 WL 504999, *3 (Ky. Ct. App. March 3, 2006)(property owners).

Plaintiffs argue that Kentucky's land recording system was passed to protect county clerks because the General Assembly enacted those statutes to accomplish two objectives: "(1) the maintenance of accurate real estate records; and (2) the timely release of mortgage notes." (Plaintiffs' Response at 11.)   According to Plaintiffs, considering that the county clerks are responsible for maintaining the real estate records and considering that they are responsible for

6

ensuring that proper parties release mortgages and record assignments, the county clerks are within the class of persons that both KRS § 382.360 and KRS § 382.365 are intended to protect.  In support of their argument, Plaintiffs cite <u>Union Planters Bank, N.A. v. Hutson</u>, 210 S.W.3d 163 (Ky. Ct. App. 2006).  Contrary to Plaintiffs' argument, the objectives cited by the Plaintiffs are ones which seek to protect landowners and lienholders, not county clerks.  In fact, in <u>Union Planters</u>, the lawsuit was filed by a property owner under KRS § 382.365 to obtain the release of lien after a loan was paid in full.  The Kentucky Court of Appeals noted that in enacting the recording statutes, "the Legislature sought to protect the land owner from a mortgage holder."  <u>Id.</u> at 168.

As discussed above, nowhere in KRS § 382.360 and KRS § 382.365 has the General Assembly provided any indication that it passed those statutes to protect county clerks.  This conclusion is reinforced by the fact that the General Assembly chose to grant a private remedy for enforcement only to those with an interest in the property.  <u>See</u> <u>Smith v. Wedding</u>, 303 S.W.2d 322, 323 (Ky. 1957)( "It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned."); <u>Kentucky Laborers District Council Health and Welfare Trust Fund v. Hill & Knowlton, Inc.</u>, 24 F. Supp. 2d 755 (W.D. Ky. 1998)(rejecting plaintiffs' suit to recover for violations of KRS § 367.170 via KRS § 446.070; noting that because the Kentucky legislature had provided a remedy in KRS § 367.220 for violations of KRS § 367.170, alternative remedies were not available).  Furthermore, the lack of intent to protect the County Clerks is further demonstrated by the fact that the recording fees Plaintiffs seek to recover are not mentioned in the recording statutes, but rather are contained in an entirely different chapter, KRS § 64.012.   Since the Plaintiffs do not fall within the class protected by the statutes, summary judgment on this basis is proper.

Second, Plaintiffs have not demonstrated that their alleged injury is the type of injury the statutes were designed to prevent.  See Regional Airport Authority of Louisville and Jefferson County v. LFG, LLC, 255 F. Supp. 2d 688, 693 (W.D. Ky. 2003)("the injury suffered must be an event which the regulation was designed to prevent").  The harm for which the Plaintiffs seek to recover is recording fee revenue from assignments of mortgages.  The purpose of the statutes cited by Plaintiffs is to assure that liens are discharged when an underlying loan is paid off, to give subsequent purchasers and lenders notice of recorded liens, and to allow creditors to give notice of their secured interest in the property.  The General Assembly has enacted statutory provisions allowing certain governmental agencies to collect unpaid fees and charges.  See, e.g.,  KRS § 75.460(5)(fire department for services rendered); KRS § 135.060(1) (Employees of Department of Revenue to recover taxes); KRS § 212.371(city-county boards of health).  However, the General Assembly did not provide a statutory mechanism for the recovery of fees for unfiled assignments by county clerks.  Had the General Assembly wanted to allow county clerks to file lawsuits regarding recording fees, it certainly knew how to do so.

Finding that the Plaintiffs do not possess a private right of action under these statutes, summary judgment is granted.  The Court need not address Defendants' other arguments.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendants, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Bank of America, N.A., CCO Mortgage Corporation, CitiMortgage, Inc., Corinthian Mortgage Corporation, EverHome Mortgage Corporation, GMAC Residential Funding Corporation, HSBC Finance Corporation, Merrill Lynch Credit Corporation, Nationwide Advantage Mortgage Company, Suntrust Mortgage, Inc., JP Morgan

Chase & Co., and Wells Fargo Bank, N.A. (hereinafter "Defendants"), to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 46, DN 52, DN 86] is **GRANTED**.  Furthermore, having found that Plaintiffs' lack statutory standing to bring this action, the remaining Defendants are dismissed as well.  The Court will enter a Judgment consistent with this Opinion.

cc: counsel of record